IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDRICK A. POSTIE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-cv-00316 |
| | ) | |
| v. | ) | Chief District Judge Mark R. Hornak |
| | ) | |
| MELINDA ADAMS et al., | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Before the Court is a Report and Recommendation (ECF No. 26) ("R&R") as to Defendants' Motion to Dismiss (ECF No. 18). In the R&R, the Magistrate Judge recommends that this Court grant the Motion to Dismiss as to all claims and all Defendants, with prejudice and without leave to amend on the grounds that any effort to amend would be futile.

Plaintiff Frederick Postie filed Objections to the R&R (ECF No. 31), to which Defendants filed a Response (ECF No. 34). For the reasons stated below, the Court adopts the R&R in substantial part and grants the Motion to Dismiss in substantial part, and the Court does not adopt the R&R in part and denies the Motion to Dismiss as to the specific claims and Defendants identified below. The Court refers this action back to the Magistrate Judge for further proceedings consistent with this Memorandum Order.

Mr. Postie brings claims of false arrest, false imprisonment, abuse of process, and failure to intervene against several Defendants, including the Pennsylvania Department of Corrections ("DOC"), the Pennsylvania State Police ("PSP"), a PSP Trooper, and corrections personnel at SCI Mercer (together with the PSP Trooper, the "individual Defendants"). (*See generally* ECF No. 1.) Through those claims, Mr. Postie alleges violations of both the United States Constitution and the Pennsylvania Constitution, and he seeks money damages and declaratory relief. (*See id.* at 12–20.)

1

Mr. Postie's claims arise from his confinement in the Restricted Housing Unit ("RHU") at SCI Mercer, a Pennsylvania correctional institution, from April 10, 2019 to June 20, 2019, based on a then-existing bench warrant and detainer issued by authorities in Maryland. (*See id.* ¶¶ 32–55.). His confinement in the RHU began when he completed his Pennsylvania sentence that he had been serving at SCI Mercer; rather than being released from state custody, his confinement continued (in the prison's RHU) because the prison staff was aware of and implemented a Maryland detainer in the nature of a Maryland bench warrant for Mr. Postie's arrest. (*Id.* ¶¶ 30–38.) Mr. Postie's primary contention is that he should have been taken before a Pennsylvania judge soon after being detained on that Maryland bench warrant at SCI Mercer on April 10, 2019 and that he did not appear before a Pennsylvania judge until May 20, 2019. (*See id.* ¶¶ 39, 43, 45, 48, 52; ECF No. 31, at 1–2.)

The R&R recommends that this Court grant Defendants' Motion to Dismiss in full based on the following conclusions: (1) the Eleventh Amendment bars Mr. Postie's claims against the DOC, the PSP, and the individual Defendants in their official capacities (ECF No. 26, at 6–8); (2) Mr. Postie's claims for damages under the Pennsylvania Constitution fail because Pennsylvania law does not provide such a private cause of action for damages (*id.* at 8–9); (3) Defendants either did not violate Mr. Postie's constitutional rights under the Fourth or Fourteenth Amendments of the United States Constitution or are entitled to qualified immunity on Mr. Postie's false arrest and false imprisonment claims (*id.* at 9–18); and (4) Mr. Postie has failed to state a claim for abuse of process or for failure to intervene (*id.* at 18–20).

Mr. Postie's Objections focus on the R&R's third conclusion. He objects to the R&R's conclusion that Defendants are entitled to qualified immunity on the basis that he fails to allege a federal constitutional violation. He argues that Pennsylvania law and his due process rights under

the United States Constitution clearly entitled him to an immediate hearing in front of a Pennsylvania judge to establish cause to detain him in Pennsylvania and to protect his right to bail. (*See* ECF No. 31, at 1–2.) Defendants contend that "[t]he Magistrate Judge addressed this very issue" and determined that Mr. Postie lacked a liberty interest in appearing before a judge in a certain period of time following his detention on the basis of the Maryland warrant. (ECF No. 34, at 1.) Defendants' Response also summarily states that "there was a valid warrant"—*i.e.*, the Maryland bench warrant. (*Id.* at 2.)

Having considered the R&R's recommendations, Mr. Postie's Objections, and Defendants' Response, and having conducted a *de novo* review of the record, the Court hereby Orders as follows.

First, the Court adopts the R&R's conclusion that Mr. Postie's claims as alleged against the DOC, the PSP, and the individual Defendants in their official capacities are barred by the Eleventh Amendment, and the Court grants the Motion to Dismiss and denies leave to amend as to those claims alleged against those Defendants and in that form. United States Supreme Court and Third Circuit precedent makes plain that those claims fail as a matter of law. (*See* ECF No. 26, at 2–3.)

Second, the Court adopts the R&R's conclusion that Mr. Postie has failed to state a claim for abuse of process or for failure to intervene because Mr. Postie has not alleged facts that sufficiently show that Defendants maintained a prosecution of Mr. Postie for an improper purpose or that Mr. Postie experienced force or violence at the hands of Defendants and that any Defendant failed to intervene. (*See id.* at 18–20.) Thus, the Court grants the Motion to Dismiss as to the abuse of process and failure to intervene claims as alleged against all Defendants, and, as recommended, does so without leave to amend.

Third, the Court adopts in part the R&R's conclusion that Mr. Postie's claims alleging violations of the Pennsylvania Constitution must be dismissed. The Court agrees that Mr. Postie cannot seek money damages for such violations because Pennsylvania law does not provide a cause of action for money damages on the basis of a direct claim under the Pennsylvania Constitution, as 42 U.S.C. § 1983 does with respect to the United States Constitution. (*Id.* at 8.) However, while the R&R correctly states that plaintiffs may sue for injunctive or declaratory relief under Pennsylvania Constitution, the R&R also states that Mr. Postie has not sought non-monetary relief in this case. (*Id.* at 9.) Mr. Postie's Complaint states that he seeks declaratory relief. (ECF No. 1, at 13, 15, 17, 20.) Thus, the Court does not adopt the R&R's conclusion that Mr. Postie's claims under the Pennsylvania Constitution must be dismissed in full, but grants the Motion to Dismiss as to Mr. Postie's Pennsylvania Constitution-based claims for money damages, and denies the Motion to Dismiss without prejudice as to his Pennsylvania Constitution-based claims for declaratory relief (except as such claims are alleged as claims under an abuse of process or failure to intervene theory, or alleged against arms of the state, which for the reasons explained above are nonetheless dismissed with prejudice).

Finally, the Court does not adopt the R&R's conclusion that Defendants are entitled to qualified immunity as to Mr. Postie's claims under the Fourth and/or Fourteenth Amendments and denies the Motion to Dismiss as to Defendants as to whom Mr. Postie has pleaded with sufficient detail the requisite level of individual involvement in plausibly unconstitutional actions: Shane Dady, William Woods, Lisa Graves, Alan Claypool, and Melinda Adams.[1] Based on the record before the Court, the Court concludes that the specific allegations that Mr. Postie has made as to these claims and those Defendants plausibly show Fourth and/or Fourteenth Amendment claims

---

[1] For the reason stated below, the Court grants the Motion to Dismiss as to those claims as alleged against Defendants Brenda Goodall, J.D. Oliver, Andrew Meisel, Mr. Norris, Mr. Hamilton, Mr. Harlin, and Christopher Cialella.

of constitutional violations, claims that would not necessarily be barred by qualified immunity and as to which further record development should be permitted, particularly since the specific allegations underlying those claims have not been addressed by Defendants, and therefore were not fully addressed in the R&R.

Specifically, although Mr. Postie's Complaint does not specifically cite to the precise Pennsylvania statutory provisions that support his claims, the Complaint substantively identifies the precise basis of his asserted constitutional claims—that he was held on an out-of-state bench warrant for more than a month without his detention and right to bail being presented to and considered by a Pennsylvania judge. His assertions have support in Pennsylvania procedures grounded in the federal Constitution that seemingly should have applied to the events that transpired after Mr. Postie's SCI Mercer detention, following his Pennsylvania prison sentence, began on April 10, 2019. Plaintiff contends that he was detained without having an opportunity to appear before a Pennsylvania judge for 40 days, and that at one point during that period, he "received an arrest Summons from Defendant Trooper Christopher Cialella charging him . . . with Arrest Prior to Requisition" under 42 Pa. Stat. and Cons. Stat. § 9134. (ECF No. 1, ¶¶ 32, 50, 52.) Defendants agree to these facts. (ECF No. 19, at 3–4.)

However, § 9134—a provision within the Pennsylvania detainer and extradition statute—provides that a person may be arrested pursuant to a "*warrant*" issued by a "*judge or issuing authority*" within Pennsylvania (emphasis added)—and does not reference a summons delivered by a police officer to the accused or such being the basis for custodial detention. And because no warrant issued by a judge or issuing authority was the basis for the involved Defendants continuing to detain Mr. Postie without an appearance before a judge until May 20, 2019, it appears from the record at this stage that a different provision of Pennsylvania's extradition statute applied: § 9135,

5

which provides that when a person is arrested *without a warrant* on charges from another state, "the accused must be taken before a judge or issuing authority *with all practicable speed*" (emphasis added). And in that context, the warrant is to be a Pennsylvania, rather than an out-of-state, warrant.

In short, Mr. Postie's detention plausibly placed him squarely within the bounds of Pennsylvania's extradition laws, but the Motion to Dismiss does not wrestle with nor reference the provisions of Pennsylvania law that apply to extradition proceedings based on an out-of-state bench warrant.[2] As a result, Defendants have not argued, and thus the R&R has not determined, whether it is plausibly "shown" that the averments of Mr. Postie on the record as it exists (or the averments which could be made by amendment) demonstrate denial of due process, false imprisonment, unconstitutional seizure, or other constitutional violations of rights of individuals who find themselves wrapped up in such proceedings. That state of the record precludes this Court from now concluding as a matter of law that Mr. Postie's 40 days of continued custody at SCI Mercer (in a special segregated and restricted housing unit) nonetheless equated to his being taken before a Pennsylvania judge with "all practicable speed" as required by Pennsylvania law[3]—law that is in place to ensure compliance with Mr. Postie's rights under the Fourth and Fourteenth

---

[2] In his Response to the Motion to Dismiss (ECF No. 25), Mr. Postie cites to Pennsylvania's extradition statute (ECF No. 25, at 5), and the R&R briefly addresses Mr. Postie's arguments based on those statutory provisions (ECF No. 26, at 17). In doing so, the R&R concludes that the provisions related to arrest without a warrant did not apply to Mr. Postie because there was a valid extradition warrant from another state. However, as explained above, Mr. Postie's arguments pertain to the absence of a Pennsylvania warrant, which in this Court's judgment means that the extradition statute may have warranted a different handling of Mr. Postie's detention and extradition than what occurred here and what the R&R discusses.

[3] The Court concludes that given that this statutory provision, § 9135, appears to implement the federal constitutional rights explained in *Gerstein v. Pugh*, 420 U.S. 103 (1976), the provision could be considered to be a "clear rule" that would have put the involved Defendants on notice that there was in fact a "time sensitive process" that they were obligated to institute if Mr. Postie was to be confined by them beyond his sentence at SCI Mercer. *See* ECF No. 26, at 17–18. Further, given the matters set out in this Memorandum Order, the Court cannot conclude on the record as it now exists that for qualified immunity purposes, "Plaintiff does not allege that [his constitutional] right[s] w[ere] not violated by any Defendants." *See id.* at 14.

Amendments to the United States Constitution and that is designed to prevent unconstitutional detention.[4]

Mr. Postie's Complaint plausibly shows that he was held for 40 days in a Pennsylvania correctional institution pursuant to a Maryland bench warrant and extradition request (in effect "arrested" based only on that warrant), without the necessary Pennsylvania "paper" to hold him, and without his being promptly brought before a Pennsylvania judge. Because the Motion to Dismiss does not address the federal constitutional violations that such facts may plausibly support, resulting in such issues not being fully explored and addressed in the R&R, this Court denies the Motion to Dismiss as to Mr. Postie's claims of false arrest and false imprisonment under the Fourth and/or Fourteenth Amendments as alleged against the specific involved Defendants in their individual capacities, and as to whom the Complaint alleges sufficient facts of personal involvement. Those Defendants are: Dady, Woods, Graves, and Claypool, who were present at a meeting in which Mr. Postie inquired about extradition procedures and demanded an arraignment and bail hearing before a magistrate judge; and Adams, who received a notice from Mr. Postie outlining his claims that his rights were being violated because he had not been taken before a judge in a timely manner. (ECF No. 1, ¶¶ 41–48.) The Court grants the Motion to Dismiss as to such claims alleged against Defendants Goodall, Oliver, Meisel, Norris, Hamilton, Harlin, and Cialella in their individual capacities because the Complaint does not show that those Defendants knew of Mr. Postie's 40-day detention before his May 20, 2019 Pennsylvania judicial hearing and his objections to that continued detention, yet nonetheless failed to act.

---

[4] While the Court need not definitively resolve at this stage the issue of whether a delay of 40 days equated to a constitutional violation, the Court notes that case law suggests such could plausibly be the case. *See Moya v. Garcia*, No. 16-1022, 2017 WL 4536080, at *7 (D.N.M. Feb. 13, 2017) (first citing *Coleman v. Frantz*, 754 F.2d 719, 721 (7th Cir. 1985); and then citing *Armstrong v. Squadrito*, 152 F.3d 564, 576 (7th Cir. 1998)).

Having concluded that Mr. Postie's false arrest and false imprisonment claims for damages and for declaratory relief against Defendants Dady, Woods, Graves, Claypool, and Adams may proceed, the Court refers this action back to the Magistrate Judge for further proceedings, which may include the development of a factual record via discovery and otherwise as to those claims.

The Court adopts the R&R as the Opinion of this Court except to the extent of the matters set out in this Memorandum Order. The Motion to Dismiss (ECF No. 18) is GRANTED as follows: all claims against the DOC, the PSP, and the individual Defendants in their official capacities are dismissed with prejudice; all claims for money damages under the Pennsylvania Constitution are dismissed with prejudice; Mr. Postie's abuse of process and failure to intervene claims are dismissed with prejudice; and Mr. Postie's false arrest and false imprisonment claims are dismissed without prejudice as alleged against Defendants Goodall, Oliver, Meisel, Norris, Hamilton, Harlin, and Cialella. The Motion to Dismiss is DENIED in all other respects, without prejudice.[5]

This action is referred back to the Magistrate Judge for further proceedings consistent with this Memorandum Order.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: March 31, 2022
cc:   All counsel of record via CM/ECF
      Mr. Fredrick A. Postie via U.S. Mail

---

[5] To the extent that the Motion to Dismiss is also a Motion for Summary Judgment (*see* ECF No. 18), the Court DENIES the Motion for Summary Judgment without prejudice.